| | |
|---|---|
| MARK L. HOLTON and <br> CATHY S. HOLTON, <br><br> *Plaintiffs*, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> *Defendant*, <br><br> v. <br><br> STATE OF TENNESSEE, <br> *Defendant-Intervenor* | Case No. 1:11-cv-65 <br><br> Judge Mattice |

## MEMORANDUM AND ORDER

Before the Court are several motions filed by Defendant Wells Fargo Bank ("Wells Fargo") and Defendant-Intervenor the State of Tennessee ("Tennessee") (collectively, "Defendants"), as well those filed by Plaintiffs Mark and Cathy Holton ("Plaintiffs"). Specifically, the Court here addresses Wells Fargo's Motion to Dismiss (Doc. 5), Tennessee's ("Tennessee") Motion to Intervene (Doc. 14), Tennessee's Motion to Dismiss (Doc. 15), Plaintiffs' Motion to Dismiss State Claims (Doc. 29), and Plaintiff's Motions to Amend (Docs. 19, 32).

For the reasons explained below, the Court will **GRANT** Plaintiffs' Motion to Dismiss State Claims (Doc. 29); **GRANT** Tennessee' Motion to Intervene (Doc. 14); **GRANT** Defendants' Motions to Dismiss (Docs. 5, 15); **DENY** Plaintiffs' First Motion to Amend (Doc. 19) as moot; and **DENY** Plaintiffs' Second Motion to Amend (Doc. 32) as futile.

## I. STANDARD OF REVIEW

"A motion to dismiss for failure to state a claim [per Fed. R. Civ. P. 12(b)(6)] is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010). For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and a plaintiff's legal conclusions couched as factual allegations need not be accepted as true. *Id.*; *see Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S.Ct. at 1950.

Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007)). The reviewing court must determine not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Therefore, to survive a motion to dismiss under 12(b)(6), plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir.

2007) (citing *Twombly*, 550 U.S. at 555).

A party may amend its pleadings once as a matter of course within 21 days after serving it, or within 21 days after service of a responsive pleading or motion to dismiss. Fed. R. Civ. P. 15(a). In all other cases, a party may amend its pleading only by leave of court, and "leave shall be given when justice so requires." *See id.*; *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). A court need not grant leave to amend, however, where such amendment would be futile. *Miller*, 408 F.3d at 817 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment of a complaint is "futile" when the proposed amendment would not survive a motion to dismiss. *Id.*

## II.     BACKGROUND

On March 16, 2011, Plaintiffs filed their initial Complaint, which related to the impending non-judicial foreclosure of their home by mortgage holder Wells Fargo. (Doc. 1). Wells Fargo moved to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 5). Plaintiffs subsequently amended their Complaint within the time provided by Fed. R. Civ. P. 15(a)(1)(B). (Doc. 9).

In their Amended Complaint, Plaintiffs again sought relief based on Wells Fargo's threatened non-judicial foreclosure of their home. (Doc. 9 at 3). In December 2009, Plaintiffs entered into a mortgage loan on the property, which was secured by a deed of trust in favor of the lender, and which contained a "power of sale" clause permitting non-judicial foreclosure in the event of default.[1] (*Id.*) Plaintiffs assert that, beginning in

---

[1] "NFM, Inc." was the lender identified on the deed of trust. (Doc. 1-1 at 1). Apparently, at some point between the execution of the mortgage and the initiation of the current suit, Wells Fargo became the mortgage holder. The Court will assume that Wells Fargo is the appropriate party to this lawsuit – it is somewhat immaterial which private party held the mortgage, as Plaintiffs' claims fail as a matter of law for the reasons specified.

-3-

December 2010 and continuing through February 2011, Wells Fargo sent multiple letters threatening to foreclose on their home.[2] (*Id.*).

Plaintiffs raised several claims in their Amended Complaint. First, by way of 28 U.S.C. § 1983, they asserted a violation of their rights under the Fourteenth Amendment to the United States Constitution, insofar as Wells Fargo failed to give them reasonable notice and a meaningful opportunity to be heard before initiating non-judicial foreclosure proceedings. (*Id.* at 4, 9). They requested relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; specifically, they sought a court order declaring the Tennessee statutes addressing the non-judicial foreclosure proceedings unconstitutional due to the provisions' "noncompliance with the Due Process Clause."[3] (*Id.* at 4, 6). Plaintiffs sought to enjoin Wells Fargo from taking any further steps toward foreclosure. (*Id.* at 11). They also challenged the validity of the non-judicial foreclosure statutes based upon the Tennessee constitution and Tennessee public policy. (*Id.* at 6-7).

Wells Fargo urged the Court to Dismiss Plaintiffs' Amended Complaint.[4] (Doc. 13). Wells Fargo argued that the Tennessee statutes treating non-judicial foreclosure

---

[2] In Plaintiffs' Proposed Third Amended Complaint, they allege that Wells Fargo eventually exercised its right to foreclose on their property.

[3] Plaintiffs identify a litany of allegedly unconstitutional statutory provisions, all of which they assert relate to Tennessee non-judicial foreclosure proceedings. Specifically, Plaintiffs challenge the constitutionality of Tenn. Code Ann. §§ 29-18-119(c) ("Forcible Entry and Detainer – Trial; issues; general sessions courts"), 29-18-125 ("Forcible Entry and Detainer – Judgments and decrees; plaintiffs"), 29-18-133 ("Forcible Entry and Detainer – Illegal possession; fines and penalties"), 29-23-201 (providing that Tennessee judges may not enjoin a foreclosure sale unless the person seeking the injunction gives five days' notice to the trustee or mortgagee), 35-5-101 (defining the process by which advertisements concerning foreclosure sales must be published), 35-5-103 (providing the time for written notice when an advertisement cannot be effected), and 35-5-106 (providing that a foreclosure sale shall not be voidable solely for failure comply with certain statutory procedures). (Doc. 9 at 6).

[4] Although Wells Fargo's submission in response to Plaintiffs' amendments is captioned "Reply Brief in Support of Motion to Dismiss," it explicitly reincorporates the terms of its original Motion to Dismiss. (*See* Doc. 13 at 1 n.1).

proceedings do not constitute the "state action" required to state a § 1983 claim for violation of the Fourteenth Amendment. (*Id.* at 3-8). Wells Fargo noted that this Court recently considered a similar complaint and found that it could not withstand a motion to dismiss. (*Id.*) (citing *Drake v. Citimortgage, Inc.*, Case No. 1:10-cv-305, 2011 WL 1396774 (E.D. Tenn. Apr. 13, 2011)).

Thereafter, Tennessee moved to intervene pursuant to 28 U.S.C. § 2403(b) and Fed. R. Civ. P. 24(a). (Doc. 14). Tennessee also moved to Dismiss Plaintiffs' Amended Complaint. (Doc. 15). Like Wells Fargo, it alleged that Plaintiffs' Complaint failed to identify "state action" on which to base a Fourteenth Amendment claim and did not establish that the challenged statutes violated either the Tennessee constitution or Tennessee public policy. (Doc. 16).

Plaintiffs responded by asserting that they had pleaded facts in this case that were not raised in *Drake* or any other case on which Defendants relied. (Doc. 17). Specifically, they recited passages from their Amended Complaint alleging that "the protections given to them under Tennessee Law are illusory and . . . unconstitutional as actually applied." They concluded without explanation that "[t]hese allegations require proof from all parties, and a motion to dismiss cannot be granted where the Court must assess that proof." (*Id.* at 3).

Plaintiffs subsequently moved to amend their Complaint twice more. (Docs. 19, 32). In their proposed Third Amended Complaint – the most recent iteration of substantially similar pleadings – Plaintiffs added "class action allegations," in which they sought to define a class of borrowers as potential plaintiffs and a class of lenders as potential defendants. (Doc. 32-1). The proposed Third Amended Complaint is specifically predicated on

-5-

Plaintiffs' allegations in their Amended Complaint – namely, that the Tennessee non-judicial foreclosure statutes violate the Fourteenth Amendment. (*Id.* at 1).

Plaintiffs have also moved to dismiss their state law causes of action. (Doc. 29). Defendants did not respond to Plaitniffs' Motion.

### III. ANALYSIS

As initial matters, the Court will address Tennessee's Motion to Intervene (Doc. 14), Plaintiffs First Motion to Amend their Complaint (Doc. 19), and Plaintiffs' Motion to Dismiss their state law claims (Doc. 29).

Pursuant to 28 U.S.C. § 2403(b) and Fed. R. Civ. P. 5.1(c) and 24(a), Tennessee is entitled to intervene in an action in which the constitutionality of its statutes is challenged. No party objects to Tennessee's involvement in this case. Accordingly, the Court will **GRANT** Tennessee's Motion to Intervene (Doc. 14).

Plaintiffs have filed two motions to amend their Complaint, which they have already amended once as of right. (Docs. 9, 19, 32). Appended to each Motion is a proposed Amended Complaint. (*See* Docs. 19-1, 32-1). It is evident that Plaintiffs sought to supersede the proposed Second Amended Complaint (attached to the First Motion to Amend) with the proposed Third Amended Complaint. Thus, the Court will **DENY** Plaintiffs' First Motion to Amend (Doc. 19) as moot.

Plaintiffs have also moved to dismiss their state law claims pursuant to Fed. R. Civ. P. 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph . . . is without prejudice." The Court deems

-6-

Case 1:11-cv-00065-HSM-SKL   Document 36   Filed 03/19/12   Page 6 of 14   PageID #: 339

dismissal of Plaintiffs' state law claims (i.e., those causes of action based on the Tennessee constitution and Tennessee public policy) appropriate under the circumstances. It will therefore **GRANT** Plaintiffs' Motion (Doc. 29), to which Defendants did not timely respond, and **DISMISS** their state law claims **WITHOUT PREJUDICE**.

The remaining claims in both the Amended and proposed Third Amended Complaints are predicated on only one issue: the alleged deprivation of Plaintiffs' rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (*See* Doc. 9 at 9-11).

In relevant part, the Fourteenth Amendment provides:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1. It is well-established that the Due Process Clause of the Fourteenth Amendment applies only to state action, not private conduct. *See, e.g.*, *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 930 (1982) ("Because a due process violation was alleged and because the Due Process Clause protects individuals only from governmental and not from private action, plaintiffs had to demonstrate that [the conduct of which they complained] was accomplished by state action.") (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978)); *Craft v. Memphis Light, Gas and Water Division*, 867 F.2d 684, 687 (6th Cir. 1976) ("[T]he Fourteenth Amendment requires due process only if 'state action' is 'depriv(ing) any person of life, liberty or property.'") (citation omitted). Likewise, to state a successful § 1983 claim, Plaintiffs must show that they were deprived of a federal constitutional or legal right "*by a person acting under color of state law.*" *Paige v.*

-7-

Case 1:11-cv-00065-HSM-SKL   Document 36   Filed 03/19/12   Page 7 of 14   PageID #: 340

*Coyner*, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis original). The "state action" requirements under the Fourteenth Amendment and § 1983 are functionally equivalent. *Id.* (holding that the analyses are identical because, like § 1983, "the Fourteenth Amendment prohibits only states (as opposed to private entities) from depriving individuals of due process"). Thus, regardless of how Plaintiffs characterize their constitutional challenge – "facial" or "as applied" – they must first identify some "state action" by which the Tennessee statutes run afoul of the Fourteenth Amendment. *See id.*; *Lugar*, 457 U.S. at 930; *see also Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (holding in the context of a First Amendment challenge that "Section 1983 applies regardless of the nature of the substantive deprivation being alleged. Thus, [a plaintiff] may advance neither its facial nor its as-applied challenge if the [alleged deprivation] is not attributable to [the state actor]").

"A private party's actions constitute 'state action' where those actions may be fairly attributable to the state." *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (*en banc*). Plaintiffs do not contend that the State of Tennessee has foreclosed on their home or intends to do so. (*See* Docs. 9, 19-1). Indeed, they acknowledge that Tennessee law provides for private non-judicial foreclosures via "power of sale" provisions such as the one at issue here. (*See* Doc. 12 at 2). They therefore point the Court's attention to the Tennessee statutes addressing those private foreclosures, and they allege that the system of regulations governing the process is so pervasive and coercive as to constitute state action. The great weight of authority – including that of the United States Court of Appeals for the Sixth Circuit and this Court – is to the contrary.

In *King v. Emery*, 836 F.2d 1348 (table), 1988 WL 1101 (6th Cir. Jan. 11, 1988) – a case remarkably similar to this one – the Sixth Circuit addressed the Tennessee laws governing non-judicial foreclosure and held:

> The district court correctly concluded that this private foreclosure sale does not constitute state action. The Supreme Court has held that where state involvement in a private action constitutes no more than acquiescence or tacit approval, the private action is not transformed into state action even if the private party would not have acted without authorization of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149 (1978). Indeed, under the *Flagg* standard, the actions of a private party will not be attributed to the state unless the state actually compels the action. *United States v. Coleman*, 628 F.2d 961, 964 (6th Cir.1980) . . . .
>
> Tennessee does not compel the use of private nonjudicial foreclosure sales in financing agreements, but rather allows the creditor to choose between judicial sale or private nonjudicial sale . . . . This recognition of private nonjudicial foreclosures falls short of the compulsion required to establish state action. See *Flagg*, 436 U.S. 149; *Adikes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

*King*, 1988 WL 1101 at *1.[5]

Thus, the Sixth Circuit held that Tennessee statutes governing the enforcement of non-judicial foreclosures do not permit a plaintiff to recast those private proceedings into state action. *See id.* That holding is consistent with the Sixth Circuit's prior opinions. *See United States v. Coleman*, 628 F.2d 961, 964 (6th Cir. 1980) ("[W]here state involvement in private action constitutes no more than acquiescence or tacit approval, the private action is not transformed into state action even if the private party would not have acted without the authorization of state law."); *Northrip v. Fed. Nat'l Mortg. Ass'n* 527 F.2d 23, 28 (6th

---

[5] The Court notes that the Sixth Circuit rejected the *King* plaintiff's suggestion (echoed by Plaintiffs in this case) that *Clark v. Jones*, 27 S.W. 1009 (1894), a nineteenth-century Tennessee Supreme Court case discussing early non-judicial foreclosure actions, is effectively tantamount to state action. *See King*, 1988 WL 1101 at *1; (Doc. 12 at 3).

Cir. 1975) ("We fail to see how the creditor is attempting to enforce any right in reliance upon a constitutional or statutory provision . . . or is even asserting any state-created right. Rather, we see a creditor privately effectuating a right which was created in advance by contract between the parties. At best, the right is one that is merely codified, but not created, in the statute"). It is also consistent with the conclusions reached by several other courts. *See, e.g., Pease v. First Nat'l Bank*, 335 F. App'x 412, 414 (5th Cir. 2009) ("[N]o significant state action is involved in non-judicial foreclosures under a deed of trust."); *Apao v. Bank of New York*, 324 F.3d 1091, 1094-95 (9th Cir. 2003) (surveying several federal appellate cases and noting that, of the six circuit courts to address whether non-judicial foreclosure constituted state action, all six held in the negative); *Van Daam v. Chrysler First Fin. Svc. Corp. of R.I.*, 915 F.2d 1557 (table), 1990 WL 151385 at *2 (1st Cir. Sept. 28, 1990) ("Courts which have examined the constitutional validity of such non-judicial foreclosures have almost uniformly found that they do not involve 'state action.'"); *see also, e.g., Dodd v. Fed. Home Loan Mortg. Co.*, Case No. S-11-1603, 2011 WL 6370032 (E.D. Cal. Dec. 19, 2011) ("Non-judicial foreclosure proceedings are a purely private remedy and do not constitute state action . . . ."); *Bolone v. Wells Fargo Home Mortg., Inc.*, Case No. 11-10663, 2001 WL 3706600 at *4 (E.D. Mich. Aug. 24, 2011) (holding that non-judicial foreclosures advertised pursuant to statute "do not involve state action for purposes of the due process clause"); *Robinson v. Bank of New York Mellon*, Case No. 10-cv-1829, 2011 WL 810658 (D. Ariz. Mar. 4, 2011) ("[N]o state action exists when a private lender invokes non-judicial foreclosure."); *Brunson v. Am. Home Mortg. Servicing*, Case No. 2:09-cv-436 2010 WL 1329711 (D. Utah Mar. 30, 2010) (dismissing a case and agreeing with the

-10-

defendant's argument that "a private non-judicial foreclosure sale does not constitute state action for purposes of the due process clause[] . . . .").

In fact, as Defendants correctly note, this Court has recently addressed a case nearly identical to this one. *See Drake*, 2011 WL 1396774 (E.D. Tenn. Apr. 13, 2011). Large portions of the Amended Complaint in this case are nearly identical to the complaint in *Drake*, and plaintiffs in both cases challenged as unconstitutional the same set of Tennessee statutes. (*Compare* Doc. 9 *with* Case No. 1:10-cv-305 Doc. 1). In *Drake*, this Court held that

> [The statutory provisions identified by Plaintiffs] show only that Tennessee recognizes the right of private parties to contract for power of sale, provides some default terms in the event contracts authorizing power of sale are silent on some issues, and will enforce such contracts. They do not show that Tennessee compels non-judicial foreclosure, or is otherwise so entwined with the non-judicial foreclosure process that its apparent private character is only illusory. In fact, if Tennessee's recognition and willingness to enforce private contracts authorizing non-judicial foreclosure amounts to State action, it is difficult to see why the enforcement of almost any private contractual remedy in Tennessee would not be State action.

*Drake*, 2011 WL 1396774 at *2.

The Court finds the reasoning in *Drake* directly apposite here. The statutes Plaintiffs have identified do not establish that Tennessee's regulation of the non-judicial foreclosure process is "state action." The challenged statutes did not create the terms of the parties' deed of trust or mandate the power-of-sale clause's inclusion therein, nor did they compel Defendant to foreclose pursuant to that agreement. Rather, those laws recognize that parties may enter into private contracts containing power-of-sale provisions, and they define some means by which enforcement may be effected. They are merely default regulations that become applicable only after (1) the parties have chosen to enter

into a contractual agreement and (2) the creditor has chosen to act pursuant to that agreement's terms. Nothing in the existence or application of the statutes supports Plaintiffs' contention that Tennessee is so entangled with the non-judicial foreclosure process as to call into question the process's private character. *See King* 1988 WL 1101 at *1; *Coleman*, 628 F.2d at 964.

Plaintiffs attempt to distinguish this case from *Drake* (and the many other cases to reach the same conclusion) by pointing to paragraphs 20 through 23 of their Amended Complaint, in which they allege that the protections Tennessee affords those in non-judicial foreclosure proceedings are "illusory." These arguments are unpersuasive, and Plaintiffs' position in this regard is somewhat puzzling: when they sought to consolidate this case with *Drake*, Plaintiffs themselves acknowledged that the

> allegations and claims for relief [of Angeline Drake, the named plaintiff in *Drake*,] are almost identical to those of the Plaintiffs. [Drake's] Complaint has been filed with this Court . . . . The principal differences between the Plaintiffs' case and that of Ms. Drake are: a very similar but somewhat differently worded deed of trust is involved; the defendant is a separate entity but of comparable importance in the mortgage industry; and foreclosure has already occurred in the case of Ms. Drake.

(Doc. 3; *see* Doc. 7).

Although Plaintiffs cite cases in support of their position that non-judicial foreclosure statutes may be held to constitute state action, the cases to which they refer are inapposite.[6] Plaintiffs allege that "a borrower must run one or more of three very difficult

---

[6] Plaintiffs cite *Turner v. Blackburn*, 389 F. Supp 1250 (W.D.N.C. 1975); *Garner v. Tri-State Dev. Co.*, 382 F. Supp. 377 (E.D. Mich. 1974); *Coffey Enter. Realty & Dev. v. Holmes*, 213 S.E.2d 882 (Ga. 1975); *Valley Dev. at Vail v. Warder*, 557 P.2d 1180 (Colo. 1976); *Dieffenbach Atty. Gen. of Vt.*, 604 F.2d 187 (2d Cir. 1979); and *New Destiny Dev. Court v. Piccone*, 802 F. Supp. 692 (D. Conn. 1992). *New Destiny* and *Valley Development* both relate to judicially sanctioned foreclosure actions. *New Destiny* 802 F. Supp at 694; *Valley Dev.*, 557 P.2d at 1181. *Turner* and *Dieffenbach* involved statutory schemes significantly more intrusive than Tennessee's. *See Dieffenbach*, 604 F.2d at 191-95; *Turner*, 389 F. Supp. at 1256-57. *Garner* was a

-12-

Case 1:11-cv-00065-HSM-SKL   Document 36   Filed 03/19/12   Page 12 of 14   PageID #: 345

obstacle courses to contest foreclosure," and aside from an anecdotal recitation of those purported options, they offer no factual basis or legal authority to support their apparent contention that a statue may be declared unconstitutional because the protections it provides are not as sweeping as one might otherwise envision. To the extent that Plaintiffs may find Tennessee's law addressing non-judicial foreclosures disagreeable, their problem is one that is best addressed by the Tennessee legislature, not a federal court.

The great weight of authority holds that statutes of which Plaintiffs complain do not constitute "state action" within the meaning of 42 U.S.C. § 1983 or the Fourteenth Amendment. Plaintiffs have identified no meaningful basis on which to depart from that authority here. Because no state action was involved in the non-judicial foreclosure of Plaintiffs' home, they cannot state a plausible claim under § 1983 or the Fourteenth Amendment. The Court will therefore **GRANT** Defendants' Motions to Dismiss (Doc. 5, 15) and **DISMISS** Plaintiffs' Amended Complaint.

In their proposed Third Amended Complaint, Plaintiffs again expressly invoke the Due Process Clause of the Fourteenth Amendment as a basis for declaring the Tennessee statutes unconstitutional. (Doc. 32-1 at 1). The proposed Third Amended Complaint is based on the same allegations contained in the Amended Complaint, but the proposed amendments attempt to assert those allegations on behalf of a defined class of borrowers

---

district court case that relied heavily on the district court's analysis in *Northrip*, 372 F. Supp. 594 (E.D. Mich. 1974) – which was later overruled by the Sixth Circuit – and addressed a statutory scheme that the Sixth Circuit later held insufficient to constitute state action. *Compare Garner*, 382 F. Supp. at 378-39 (addressing Mich. Comp. Laws § 600.3201 *et seq.*) *with Northrip*, 527 F.2d at 27-30. Finally, *Coffey* appears to hold precisely the opposite of the position Plaintiffs now espouse. *Coffey*, 213 S.E.2d at 885 ("Since no meaningful government involvement to constitute state action is involved, any contention that such statute violates the equal protection or due process provisions of the Constitution is without merit."). Consequently, these cases do not meaningfully guide the Court's analysis, and to the extent they do, they do not favor Plaintiffs' position.

-13-

against a defined class of lenders. As the Court discussed above, Plaintiffs' Amended Complaint identifies no state action on which to base a Fourteenth Amendment claim. That claim brought on behalf of a class of plaintiffs necessarily fails for the same reasons. The Court will therefore **DENY** Plaintiffs' Second Motion for Permission to Amend (Doc. 32) as futile.

Accordingly, and for the reasons stated:

- The State of Tennessee's Motion to Intervene (Doc. 14) is **GRANTED**;

- Defendants' Motions to Dismiss (Docs. 5, 15) are **GRANTED**;

- Plaintiffs' First Motion for Permission to Amend (Doc. 19) is **DENIED AS MOOT**;

- Plaintiffs' Second Motion for Permission to Amend (Doc. 32) is **DENIED AS FUTILE**;

- Plaintiffs' Motion to Dismiss their state law claims (Doc. 29) is **GRANTED**, and those claims are hereby **DISMISSED WITHOUT PREJUDICE**; and

- The remainder of this action is hereby **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to close this case and enter a separate judgment in accordance with Fed. R. Civ. P. 58.

**SO ORDERED** this 19th day of March, 2012.

                                             */s/Harry S. Mattice, Jr.*
                                             HARRY S. MATTICE, JR.
                                             UNITED STATES DISTRICT JUDGE